UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS BANKS,                          U.S. District Court No. 2:15-cv-12455

          Plaintiff,              Honorable Gershwin A. Drain
                                       Magistrate Elizabeth A. Stafford

v.

RAPID GLOBAL BUSINESS
SOLUTIONS, INC., a Michigan
Corporation, and FORD MOTOR
COMPANY, a Delaware corporation,
          Defendants.
_____/

| | |
|---|---|
| RICKARD, DENNEY, GARNO | KIENBAUM OPPERWALL HARDY |
|   & ASSOCIATES |   & PELTON, P.L.C. |
| Timothy W. Denney (P39990) | Elizabeth P. Hardy (37426) |
| Co-Counsel for Plaintiff | Julia Turner Baumhart (P49173) |
| 110 N. Saginaw Street, Ste. 1 | Attorneys for Defendant Ford Motor Company |
| Lapeer, MI 48446 | 280 N. Old Woodward Avenue |
| (810) 664-0750 | Suite 400 |
| tdenney@twdpclaw.com | Birmingham, MI 48009 |
| | (248) 645-0000 |
| CLEVE W. DOTY (Texas State Bar No. 24069627) | ehardy@kohp.com |
| | jbaumhar@kohp.com |
| Liberty Institute | |
| Co-Counsel for Plaintiff | STARR, BUTLER, ALEXOPOULOS |
| 2001 W. Plano Pkwy., Ste. 1600 |   & STONER, PLLC |
| Plano, TX 75075 | Alex L. Alexopoulos (P40547) |
| (972) 941-4444 | David W. Schelberg (P76492) |
| cdoty@libertyinstitute.org | Attorneys for Defendant Rapid Global Business Solutions, Inc. |
| JEREMIAH G. DYS (West Virginia State | 20700 Civic Center Drive, Ste. 290 |
|   Bar No. 9998) | Southfield, MI 48076 |
| Liberty Institute | (248) 554-2700 |
| Co-Counsel for Plaintiff | ala@starrbutler.com |
| 2001 W. Plano Pkwy., Ste. 1600 | dschelberg@starrbutler.com |
| Plano, TX 75075 | |
| (972) 941-4444 | |
| jdys@libertyinstitute.org | |

_____/
**RULE 26(f) CASE MANAGEMENT REPORT/DISCOVERY PLAN**

The parties submit this Joint Case Management Report/Discovery Plan pursuant to the Court's October 1, 2015 Notice to Appear at Scheduling Conference and Federal Rule of Civil Procedure 26(f).

## I.   <u>Nature and Basis of Claims and Defenses</u>

### A.   *<u>Basis of Plaintiff Banks' Claims (as Asserted by Plaintiff)</u>*

Plaintiff Thomas Banks ("Mr. Banks") worked as an engineer at Defendant Ford Motor Company ("Defendant Ford") on assignment from Defendant Rapid Global Business Solutions, Inc. ("RGBSI"). Defendant Ford sent an article to Mr. Banks (among others) over Ford's internal "intranet" regarding Defendant Ford's promotion of efforts to make Ford more pro-LGBT (lesbian, gay, bisexual and transgender), and invited employees to comment. Mr. Banks responded with a comment to Defendant Ford on the "intranet" article pointing out that Ford's policy on the issue would have detrimental effects on members of groups with sincerely-held religious beliefs that are opposed to same-sex sexual conduct, such as Christians like Mr. Banks. Mr. Banks further opined that Defendant Ford should focus on making cars instead of promoting versions of sexuality that are offensive to religious employees.

Despite the fact that Defendant RGBSI maintains an employment policy to protect its religious employees from being discriminated against or punished because for their religious beliefs, Defendant Ford and Defendant RGBSI both terminated Mr. Banks' employment solely as a result of his comment on Ford's internal "intranet." Defendants Ford and RGBSI violated the anti-discrimination and anti-retaliation provisions of Title VII of the Civil Rights Act, as well as the anti-discrimination and anti-retaliation provisions of Michigan's Elliott-Larsen Civil Rights Act when they fired Mr. Banks.

### B.   *<u>Basis of Defendant Rapid Global Business Solutions, Inc.'s Defenses (as Asserted by Defendant Rapid Global Business Solutions, Inc.)</u>*

Defendant Rapid Global Business Solutions, Inc. ("RGBSI") is an engineering services, staffing, and recruiting company. Plaintiff worked for RGBSI as a contract engineer assigned to Ford Motor Company ("Ford") since March of 2011. On July 23, 2014, Plaintiff posted a comment on Ford's intranet site in response to an article about Ford's GLOBE employee resource group, which is comprised of salaried, hourly or retired employees of Ford, its subsidiaries and

affiliates who are gay, lesbian, bisexual or transgendered, as well as supporters. Plaintiff's comment accused Ford of "endorsing and promoting sodomy." Plaintiff also stated that "homosexual behavior leads to death." Ford concluded that Plaintiff's intranet comment violated its policies and terminated Plaintiff's contract assignment accordingly. RGBSI also terminated Plaintiff's employment for violating its employee policies and standards of employee conduct, as well as Ford's policies. RGBSI did not discriminate or retaliate against Plaintiff in violation of Title VII or the ELCRA.

### C.    *Basis of Defendant Ford Motor Company's Defenses (as Asserted by Defendant Ford Motor Company)*

Defendant Ford Motor Company has never employed Plaintiff. RGBSI, an entity that assigns some of its employees to Ford locations, assigned Plaintiff to work at a Ford facility in Dearborn for some portion of his employment with RGBSI. While assigned to a Ford facility, Plaintiff, like other vendor employees, suppliers, and visitors with business access to Ford, as well as Ford employees, could access Ford's intranet. While browsing that intranet, Plaintiff entered a comment concerning an article posted by GLOBE, one of Ford's several Employee Resource Groups (ERG's). GLOBE is the ERG that includes in its membership gay, lesbian, bisexual, and transgender employees and their heterosexual supporters. The GLOBE article announced a milestone anniversary of the founding of the ERG, and, like all intranet articles, provided space to enter comments.

Plaintiff's comment characterized the article as "endorsing and promoting sodomy" and concluded "homosexual behavior leads to death." In response to one or more complaints about the comment, representatives of Ford and RGBSI met with Plaintiff, who confirmed he made the comment. Because the comment violated Ford's zero tolerance policy against offensive or abusive conduct towards the personal characteristics of others, Ford asked RGBSI to cease assigning Plaintiff to Ford.

## II.    Possibilities for Promptly Setting or Resolving Case

The parties have agreed to consider early Alternative Dispute Resolution after completing initial discovery.

### III.    Rule 26(a)(1) Disclosures

The parties shall make their initial FRCP 26(a)(1) disclosures within 14 days of their Rule 26(f) conference, which occurred on Wednesday, October 21, 2015.

### IV.    Preservation of Discoverable Information

The parties agree to take appropriate steps to preserve discoverable information in this case.

### V.    Proposed Discovery Plan

#### A.    *Changes to Rule 26(a) Disclosure Requirements*

No changes need to be made to the standard requirements for the FRCP 26(a) disclosures.  All parties will provide the required Rule 26(a) disclosures no later than Wednesday, November 4, 2015 (i.e., 14 days after the parties' Rule 26(f) conference).

#### B.    *Discovery Subjects, Timing, etc.*

The parties contemplate taking depositions and exchanging written discovery requests in accordance with the Federal Rules of Civil Procedure.  The parties agree that 6 months of discovery would be appropriate in this case.  The parties do not believe there is a need to conduct discovery in phases in this case, or to focus discovery on particular issues.

Defendants raised the issue of a protective order to prevent the disclosure to third parties of personal information concerning their employees, and company-sensitive, confidential or trade secret information, as well as mutually protecting Plaintiff's personal information from disclosure to third parties.  Defendants remain willing to attempt to achieve a mutually agreeable protective order.

Plaintiff anticipates he may seek a protective order regarding disclosure to third parties of his personal information.

#### C.    *Electronically Stored Information*

The parties will take appropriate steps to preserve electronically stored discoverable information, including but not limited to email correspondence that may be relevant to this case.

### D. *Issues re: Privilege or Protection as Trial-Preparation Material*

No disputed privilege issues have been identified thus far in this case.

### E. *Changes to FRCP Discovery Limits*

The parties have not stipulated to any changes in the discovery limits contained in the Federal Rules of Civil Procedure or the local court rules.

### F. *Other Orders Pursuant to FRCP 26(C), FRCP 16(b) or (c)*

No such orders identified as necessary at this time.

Respectfully submitted,


RICKARD, DENNEY, GARNO
  & ASSOCIATES

By: */s/Timothy W. Denney*
Timothy W. Denney (P39990)
Co-Counsel for Plaintiff Thomas Banks
110 N. Saginaw Street, Ste. 1
Lapeer, MI 48446
(810) 664-0750
tdenney@twdpclaw.com
Dated:  October 26, 2015

LIBERTY INSTITUTE

By: *Cleve W. Doty*
CLEVE W. DOTY (Texas State Bar No. 24069627)
Co-Counsel for Plaintiff
2001 W. Plano Pkwy., Ste. 1600
Plano, TX 75075
(972) 941-4444
cdoty@libertyinstitute.org
Dated: October 26, 2015


STARR, BUTLER, ALEXOPOULOS
  & STONER, PLLC

By: */s/David W. Schelberg*
Alex L. Alexopoulos (P40547)
David W. Schelberg (P76492)
Attorneys for Defendant Rapid Global Business Solutions, Inc.
20700 Civic Center Drive, Ste. 290
Southfield, MI 48076
(248) 554-2700
ala@starrbutler.com
dschelberg@starrbutler.com
Dated: October 26, 2015

KIENBAUM OPPERWALL HARDY
  & PELTON, P.L.C.

By: *Julia Turner Baumhart*
Elizabeth P. Hardy (37426)
Julia Turner Baumhart (P49173)
Attorneys for Defendant Ford Motor Company
280 N. Old Woodward Avenue
Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@kohp.com
jbaumhar@kohp.com
  Dated: October 26, 2015


238591

4